# EXHIBIT E



## OFFICE OF GENERAL COUNSEL

### WASHINGTON, D.C. 20460

02/04/2025

Erin Murphy
Environmental Defense Fund
555 12th St NW, Suite 400
Washington, DC  20004

**Re:  Freedom of Information Act Request – 2025-EPA-03201**
   **Expedited Processing Determination**

Dear Erin Murphy:

This letter concerns the above-referenced Freedom of Information Act (FOIA) request, received by the U.S. Environmental Protection Agency (EPA), National FOIA Office (NFO) on 01/29/2025 in which you are seeking:

> Environmental Defense Fund ("EDF") respectfully requests records, as that term is defined at 5 U.S.C. § 552(f)(2) of the Freedom of Information Act ("FOIA"), of U.S. Environmental Protection Agency ("EPA") activities and communications regarding the Endangerment Finding and possible reassessment of the Finding pursuant to the Unleashing American Energy Executive Order, including correspondence among specified EPA employees as detailed below. The Endangerment Finding is comprised of the two 2009 EPA findings that six greenhouse gases threaten the public health and welfare of current and future generations, and that the combined emissions of these gases from vehicles contribute to the pollution that threatens public health and welfare.1 This Finding is foundational to EPA's efforts to set standards to reduce harmful greenhouse gas emissions. President Trump's January 20, 2025 Executive Order on Unleashing American Energy directs the EPA Administrator to assess "the legality and continuing applicability" of the Finding. Specifically, EDF requests copies of all correspondence and records detailed below in item (i), that contain any of the search terms detailed below in item (ii): (i) correspondence with and between all members of the Trump Administration's EPA Transition Team (or "Landing Team"), and all Trump Administration EPA political appointees; and any briefing materials, memos, presentations or other documents created by or shared with/among the following EPA transition team and/or political appointees, including but not limited to: 1. Anne Idsal Austin 2. Andrew Wheeler 3. Carla Sands 4. Adam Gustafson 5. William (Bill) Wehrum 6. James Payne (Acting Administrator) 7. Lee Zeldin 8. Eric Amidon 9. Jaide Barja 10. Thomas Corlett 11. Daniel Gall 12. Ben Weiner 13. (William) Chad Mcintosh 14. Travis Voyles 15. Dr. Nancy Beck 16. Steven Cook 17. Alex (Alexander) Dominguez 18. Molly

(Block) Vaseliou 19. Cora Mandy 20. Michael Abboud 21. Dr. Lynn Dekleva 22. Aaron Szabo 23. Justin Schwab 24. Catherine Paige Hanson 25. Jessica Kramer 26. Walter Scott Mason IV 27. Victoria Tran 28. Abigale Tardif 29. David Fotouhi (ii) EDF requests the correspondence and other records detailed above that contain any of the following search terms: • Endangerment Finding(s), • Endangerment and Cause or Contribute Finding(s), • Endangerment, • Climate change, • Greenhouse gas(es), • Carbon dioxide, • GHG(s), or • Joint recommendation(s). Correspondence includes hard-copy and electronic correspondence including, but not limited to, emails, voice mails, text messages, and correspondence transmitted through any other electronic platform. This request includes correspondence for which any of the listed EPA transition team and employees were among the sender(s) and recipient(s), collectively, regardless of whether the correspondence also included any other sender(s) or recipient(s). EDF also requests all files attached to the emails or other correspondence sent or received by the above-listed individuals, as well as copies of any files obtained via downloadable links within the body of such emails or other correspondence. EDF respectfully requests records produced, modified, or transmitted since November 6, 2024 that exist as of the date that EPA begins searching for records responsive to this request. We request that records be produced in a readily accessible electronic format. If any of the records sought in this request are deemed by the Agency to be properly withheld under a FOIA exemption, 5 U.S.C. § 552(b), please provide EDF with an explanation, for each such record or portion thereof, sufficient to identify the record and the particular exemption(s) claimed.

EPA has received your request for expedited processing. In your justification, you provided the following:

Pursuant to 5 U.S.C. § 552(a)(6)(E) and 40 C.F.R. § 2.104(g)(1), EDF respectfully seeks expedited processing based on the "compelling need" that EDF is "primarily engaged in disseminating information and there is an urgency to inform the public about actual or alleged Federal Government activity." In support of this request, I certify that the following statements are true and correct to the best of my knowledge and belief: 1. EDF engages in extensive, daily efforts to inform the public about matters affecting environmental and energy policy, as well as about climate change science and the human health impacts of pollution. EDF has multiple channels for distributing information to the public, including through direct communication with its more than 3 million members and supporters, press releases, blog posts, active engagement on social media, and frequent appearances by staff in major media outlets. 2. This request concerns Federal Government activity—specifically, the assessment of and possible changes to EPA's longstanding Endangerment Finding under the Clean Air Act, which forms the basis for numerous standards that reduce climate and air pollution. a. President Trump signed the "Unleashing American Energy" Executive Order on his first day in office, directing the EPA Administrator "in collaboration with the heads of any other relevant agencies" to "submit joint recommendations to the Director of OMB on the legality and continuing applicability of the Administrator's findings, 'Endangerment and Cause or Contribute Findings for Greenhouse Gases Under Section 202(a) of the

Clean Air Act,' Final Rule, 74 FR 66496 (December 15, 2009)."3 EPA is presumed to be acting in response to this directive. b. The Endangerment Finding is a Federal Government action that was issued by EPA in 2009. It is a long-established determination grounded in extensive scientific evidence that supports a number of EPA clean air standards that reduce the climate pollution that is contributing to extreme weather events and harming communities across the country. The Endangerment Finding supports numerous pollution-reducing programs, including standards to reduce emissions from the power sector, the oil and gas industry, and the vehicles sector. 3. Responsive records will be vital to inform the public about the information that administration officials may have considered related to the development of the Executive Order and similarly, the communications, information, and engagement officials are considering in forming any joint recommendations related to the Endangerment Finding. 4. This request concerns a time sensitive matter of concern to the public. The Endangerment Finding has been established since 2009 and is supported by extensive scientific information. However, the above referenced Executive Order directs administration officials to make recommendations on the "legality and continuing applicability" of the Endangerment Finding within a very short 30-day window. The proceedings that led to the development and subsequent reaffirmation of the Endangerment Finding were subject to public notice and comments. But now, possible government actions to revisit the Finding are occurring in a rushed process outside of public view, absent disclosure of records pursuant to this request. The development of recommendations related to the "legality and continuing applicability" of the Endangerment Finding by EPA and other agencies may be completed within a very short time-frame and without any transparency concerning the basis for those recommendations. Absent expedited processing of this request, the public's opportunity to understand the basis for any such recommendations will be jeopardized.

Your request for expedited processing must demonstrate there is a "compelling need".  5 U.S.C. § 552(a)(6)(E)(i)(I) (2018); *see also* 40 C.F.R. §2.104(f) (2018). To determine whether your justification statement supports a finding of a "compelling need", EPA must evaluate your statement as to whether there is either an urgency to inform the public about an actual or alleged Federal government activity by a person primarily engaged in disseminating information to the public, or whether a lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual.

Your application does not speak to any urgency to inform the public, and it does not speak to any expectation that lack of expedited treatment would pose an imminent threat to the life or physical safety of an individual. Thus, your request does not contain the information required to support a finding that your request meets either of these criteria. Therefore, your request for expedited processing is denied. Your FOIA request will be processed as expeditiously as possible.

You may appeal this determination in writing within 90 calendar days from the date of this letter by one of the following methods:

1.  Visit EPA's FOIA submission website (https://foiapublicaccessportal.epa.gov/), sign into your account by clicking *Sign-In*, and select *Submit Appeal*;
2.  U.S. Mail sent to the following address: National FOIA Office, U.S. Environmental Protection Agency, 1200 Pennsylvania Avenue NW (2310A), Washington, DC 20460; or
3.  Overnight delivery service to National FOIA Office, U.S. Environmental Protection Agency, 1200 Pennsylvania NW, Room 7309C, Washington, DC 20460.

The Agency will not consider appeals received after the 90-calendar-day limit. Appeals received after 5:00 p.m. EST will be considered received on the next business day. The appeal should include the FOIA tracking number listed above. For quickest possible handling by mail or overnight delivery, the appeal letter, and its envelope, should be marked "Freedom of Information Act Appeal."

If you need any further assistance or would like to discuss any aspect of your request, you may seek assistance from EPA's FOIA Public Liaison at hq.foia@epa.gov or call (202) 566-1667. You may also seek assistance from the Office of Government Information Services (OGIS). You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001; email: ogis@nara.gov; telephone: (202) 741-5770 or (877) 684-6448; or fax: (202) 741-5769. For all media inquiries, please contact press@epa.gov.

Sincerely,

TRACEY KLOSTERMAN
Digitally signed by TRACEY KLOSTERMAN
Date: 2025.02.05 08:38:15 -05'00'

Tracey Klosterman
Government Information Specialist
National FOIA Office