UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND,<br><br>Plaintiff,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant. | Civ. A. No. 25-0617 (DLF) |

## ANSWER

Defendant United States Environmental Protection Agency (the "Agency" or "Defendant"), by and through undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff Environmental Defense Fund ("EDF" or "Plaintiff") on March 3, 2025, in this Freedom of Information Act ("FOIA") case. Defendant expressly denies all allegations in the Complaint, including relief sought, not specifically admitted, or otherwise qualified herein. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

Plaintiff's Complaint begins with two unnumbered paragraphs characterizing its reasoning for this action and request for relief to which no response is required. To the extent the allegations in these paragraphs seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public

interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

Defendant responds to the separately numbered paragraphs and request for relief in the Complaint as follows.

## INTRODUCTION[1]

1. Paragraph 1 sets forth Plaintiff's statement regarding this action, to which no response is required. Defendant admits only that Plaintiff brings this action under FOIA, 5 U.S.C. §552.

2. Paragraph 2 consists of Plaintiff's characterization of an Executive Order to which no response is required. Defendant respectfully refers the Court to the Executive Order for a complete and accurate statement of its contents and otherwise denies any allegations inconsistent therewith. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f)

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required, and to the extent the headings or subheadings could be construed to contain factual allegations, those allegations are denied.

3-5. To the extent the allegations in these paragraphs seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

6. Defendant admits only that Plaintiff submitted a FOIA request on January 29, 2025 and that Defendant issued a letter acknowledging receipt of Plaintiffs FOIA request on January 29, 2025. Defendant respectfully refers the Court to the referenced documents for a complete and accurate statement of their content and denies the allegations to the extent inconsistent with the content of those documents.

7. Paragraph 7 consists of a conclusion of law, to which no response is required. To extent a response is required, Defendant respectfully refers the Court to the statute and regulation cited for a complete and accurate statement of their contents and otherwise denies any allegations inconsistent therewith.

8. Defendant admits that it sent Plaintiff an email on February 26, 2025, stating this request was being put on the "complex processing" track and estimated the completion date as May 30, 2025. Defendant respectfully refers the Court to the referenced document for a complete and accurate statement of its content and denies the allegations to the extent inconsistent with the content of those documents. The last sentence of this paragraph consists of a conclusion of law, to which no response is required.

9. Defendant admits only that it has not completed its response to Plaintiff's FOIA

request. The remainder of Paragraph 9 consists of a conclusion of law, to which no response is required.

10-12.   To the extent the allegations in these paragraphs seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

13.   Defendant denies the allegations of this paragraph.

14.   Paragraph 14 consists of Plaintiff's characterization of the relief it is seeking. Defendant denies that Plaintiff is entitled to any relief.

15.   Paragraph 15 sets forth Plaintiff's statement regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction under the Freedom of Information Act, 5 U.S.C. § 552, as limited by the relief available under the Act.

16.   Paragraph 16 contains conclusions of law to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statutes cited for a complete and accurate statement of their contents and otherwise denies any allegations inconsistent therewith.

17.   Paragraph 17 contains Plaintiff's statement regarding venue, to which no response is required.  To the extent a response is deemed required, Defendant admits that venue is proper in the District of Columbia for a properly stated FOIA claim.

## PARTIES

18-20.   These paragraphs contain Plaintiff's characterization of itself and legal conclusions relating to its purported standing to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiffs' allegations in these paragraphs.

21.   Defendant lacks the knowledge or information sufficient to form a belief as to the allegations in Paragraph 21.

22.   Defendant admits the only that it is an agency within the executive branch of the United States government which is subject to FOIA and states that it currently lacks knowledge or information sufficient to form a belief as to whether it has possession and control of the records Plaintiff seeks. Defendant avers that a search for responsive records is currently in progress.

## LEGAL BACKGROUND

23-25.   These paragraphs consist of conclusions of law, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statue and regulation cited for a complete and accurate statement of their contents and otherwise denies any allegations inconsistent therewith.

26.   Paragraph 26 sets forth a conclusion of law, to which no response is required. To the extent that a response is required, Defendant respectfully refers the Court to the case cited for a complete and accurate statement of the opinion and otherwise denies any allegations inconsistent therewith.

27-36.   These paragraphs consist of conclusions of law, to which no response is required.

To the extent a response is required, Defendant respectfully refers the Court to the statute and regulations cited for a complete and accurate statement of their contents and otherwise denies any allegations inconsistent therewith.

## FACTUAL BACKGROUND

### A. Endangerment Finding

37-42.   To the extent the allegations in these paragraphs seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

### B. EDF's FOIA Request to EPA Regarding the Endangerment Finding (Request No. 2025-EPA-03201)

43.   Defendant admits only that Plaintiff submitted a FOIA request on January 29, 2025. Defendant respectfully refers this Court to Plaintiff's FOIA request for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

44.   Defendant admits only that Plaintiff requested expediting processing of its FOIA request. Defendant respectfully refers this Court to Plaintiff's FOIA request for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

45.   Defendant admits only that Plaintiff requested a waiver of fees associated with

the processing of its FOIA request. Defendant respectfully refers this Court to Plaintiff's FOIA request for a complete and accurate description of its contents and denies any allegations inconsistent therewith.

46. Defendant admits only that it issued a letter acknowledging receipt of Plaintiff's FOIA request on January 29, 2025. Defendant respectfully refers the Court to the referenced document for a complete and accurate statement of its content and denies the allegations to the extent inconsistent with the content of those documents.

47. Defendant admits it granted Plaintiff's fee waiver request on January 29, 2025. Defendant respectfully refers the Court to the referenced document for a complete and accurate statement of its content and denies the allegations to the extent inconsistent with the content of those documents.

48. Defendant admits it denied Plaintiff's request for expedited processing and that it issued a denial letter. Defendant avers that the letter was issued on February 4, 2025. Defendant respectfully refers the Court to the referenced documents for a complete and accurate statement of its content and denies the allegations to the extent inconsistent with the content of those documents.

49-53. Defendant admits only that it sent Plaintiff an email on February 26, 2025, stating this request was being put on the "complex processing" track and estimated the completion date as May 30, 2025. The remainder of the allegations in these paragraphs consist of conclusions of law, to which no response is required. Defendant respectfully refers the Court to the referenced documents and case cited for a complete and accurate statement of their content and denies the allegations to the extent inconsistent with the content of those documents.

54. Defendant admits only that Plaintiff did not respond to the February 26, 2025 email that provided an estimated date of completion of May 30, 2025.

55. Defendant admits only that it has not completed its response to Plaintiff's FOIA

request. The remainder of Paragraph 55 consists of conclusion of law to which no response is required.

56. Defendant admits only that it sent Plaintiff an email on February 26, 2025, stating this request was being put on the "complex processing" track and estimated the completion date as May 30, 2025. In further response, Defendant respectfully refers the Court to the statute cited for a complete and accurate statement of their content and denies the allegations to the extent inconsistent with the content of those documents.

57. Defendant admits only that it has not completed its response to Plaintiff's FOIA request.

58-60. To the extent the allegations in these paragraphs seeks to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in these paragraphs are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## CLAIM FOR RELIEF

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

61. Defendant incorporates, by reference, all previous paragraphs of its Answer.

62. Paragraph 62 consists of a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies Paragraph 62.

63. Paragraph 63 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies Paragraph 63.

64. Paragraph 64 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies Paragraph 64.

65. Paragraph 65 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies Paragraph 65.

66. Paragraph 66 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies Paragraph 66.

67. Paragraph 67 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies Paragraph 67.

68. Paragraph 68 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies Paragraph 68.

## REQUEST FOR RELIEF

The remainder of the Complaint sets forth Plaintiff's requested relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief at all.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

Plaintiff's FOIA request is not a proper request in that it does not reasonably describe the records sought and imposes an undue burden on Defendant.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's FOIA request to the extent it seeks to impose obligations or obtain relief that exceed what is authorized under the Freedom of Information Act. *See* 5 U.S.C. § 552.

**THIRD DEFENSE**

Plaintiff is not entitled to compel the release of records properly withheld pursuant to any applicable Freedom of Information Act or Privacy Act exemptions or exclusions. 5 U.S.C. §§ 552, 552a.

**FOURTH DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records. *See* 5 U.S.C. §§ 552, 552a.

**FIFTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, including in paragraphs 3–5, 10–12, 37–42, and 58–60, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

**SIXTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

**SEVENTH DEFENSE**

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

**EIGHTH DEFENSE**

Plaintiff has failed to exhaust administrative remedies.

Dated: April 3, 2025                    Respectfully submitted,

                                                         EDWARD R. MARTIN, JR., D.C. Bar # 481866
                                                         United States Attorney

By:    /s/ *Tabitha Bartholomew*
        TABITHA BARTHOLOMEW,
          D.C. Bar # 1044448
        Assistant United States Attorney
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-2529
        Email: Tabitha.Bartholomew@usdoj.gov

*Attorneys for the United States of America*